# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JOE BERNARD NOWELL, JR**                                                            **PLAINTIFF**

**v.**                              **No: 4:20-cv-00532 BSM-PSH**

**CHRISTOPHER REIDMUELLER**                                              **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

On May 19, 2020, plaintiff Joe Bernard Nowell, Jr., a pre-trial detainee at the Faulkner County Detention Center ("FCDC"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by video surveillance of the toilets at the FCDC. *See* Doc. No. 2. The Court ordered Nowell to file an amended complaint describing how defendant Christofer Reidmueller was

allegedly involved in the violation of his rights. *See* Doc. No. 4. Nowell was also instructed to clarify whether he was alleging that video feed of all inmates using the toilets was made available to all other inmates, and if so, on one occasion, or for a longer period of time. *Id.* Nowell has filed an amended complaint (Doc. No. 5). For the reasons described herein, the court finds he fails to describe facts sufficient to state a claim for relief.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II.  Analysis

Nowell alleges that a video camera feed system went online at the FCDC in May of 2020.  He states this system has full remote control capabilities, "making it impossible not to see detainees using the toilets." Doc. No. 5 at 4.  He has no knowledge that the camera feed has made available to other detainees, but complains that video of him using the bathroom could potentially be made available to FCDC employees.  *Id.*

Although prisoners retain a limited right to privacy, they do not enjoy the same rights to privacy as those who are not incarcerated.  The United States Supreme Court has recognized that a "right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer,* 468 U.S. 517, 527-28 (1984); *see Bell v. Wolfish,* 441 U.S. 520, 537 (1979) ("Loss of freedom of choice and privacy are inherent incidents of confinement."). In a case concerning whether female guards viewing male prisoners in showers and bathrooms violated prisoners' privacy rights, the Eighth Circuit Court of Appeals stated:  "Whatever minimal intrusions on an inmate's privacy may result from such surveillance, whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety and equal employment opportunities [for male and female guards]." *Timm v. Gunter*, 917 F.2d

1093, 1102 (8th Cir. 1990); *see also Hill v. McKinley,* 311 F.3d 899, 905 (8th Cir. 2002) ("[T]he relevant authority indicates that prisoners are entitled to very narrow zones of privacy, and circumstances may warrant the most invasive of intrusions into bodily privacy."). These principles apply to both pre-trial detainees and convicted inmates. *See e.g., Hill v. McKinley,* 311 F.3d 899; *Florence v. Board of Chosen Freeholders of County of Burlington,* 566 U.S. 318 (2012); *see also Bell v. Wolfish,* 441 U.S. 520, 546 ("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees.").

Nowell does not describe an actionable constitutional claim based on the cited cases. Therefore, he fails to state a claim upon which relief may be granted, and his complaint should be dismissed without prejudice.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1.    Nowell's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 20th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE